UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-62033-CIV-MARTINEZ-BROWN

Francisco Marques, and all
similarly situated individuals,

      Plaintiff,

v.

Restaurant Management Concepts Inc. d/b/a Carlucci's,
a Florida corporation, Restaurant Entertainment Concepts Inc.,
a Florida corporation, Riga Restaurant Concepts L.L.C.,
a Florida limited liability company, and Rosario Troia,
an individual,

      Defendants.

_____/

## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE

COMES NOW Plaintiff, Francisco Marques (hereinafter "Plaintiff"), by and through his undersigned attorney, and files this Motion for Approval of Settlement Agreement and Dismissal of Case with Prejudice, and states as follows:

### PRELIMINARY STATEMENT

The Plaintiff filed his Complaint alleging that the Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), by failing to pay him and other similarly situated employees regular wages, pay at the rate of at least minimum wage and overtime compensation. The Defendants deny any wrongdoing under the FLSA and maintain that the Plaintiff's work at all times fell within a statutory exemption from overtime compensation and

1

that Plaintiff received payment for all hours worked.  To avoid the costs and uncertainty of litigation, the parties have negotiated a settlement in this matter.

Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the district court or the Secretary of Labor.  Therefore, the Plaintiff submits the parties' Settlement Agreement, attached hereto as **Exhibit "A,"** for review by the Court.  The Plaintiff requests that the Court approve the terms of the Settlement Agreement in this matter.

## MEMORANDUM OF LAW

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court.  See Lynn's Food Stores, Inc., 679 F.2d at 1350.  To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  Id. at 1354.  If the settlement meets the afore-mentioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id; see also Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

Here, the parties agree that the attached Settlement Agreement represents a fair and equitable resolution of this matter.  Additionally, the parties agree that the instant action involves disputed factual issues with respect to the amount of unpaid overtime due.  Plaintiff initially valued his unpaid wages claim, including both overtime and regular, to be $4,865.40, which was outlined in Plaintiff's Statement of Claim filed on December 31, 2008 (D.E. 7).

In an effort to compromise Plaintiff's claims and Defendants' defenses, Plaintiff agreed to receive $5,800.00 inclusive of fees and costs.  The settlement negotiated and reached by the

2

Parties reflects a reasonable compromise of the disputed issues. The Parties voluntarily agreed to the terms of their settlement during negotiations.

For these reasons set forth above, in addition to the fact that the parties were represented by competent counsel having prior experience in FLSA claims, the agreement is reasonable, and this Court should approve the settlement.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an Order: (1) approving the terms of the settlement of Plaintiff's claims; (2) dismissing this action with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and, (4) granting the parties such further relief as the Court deems just.

Dated: April 14, 2009

Respectfully submitted,

Yolando A. Hewling, Esquire
ROSENTHAL, LEVY & SIMON, P.A.
1645 Palm Beach Lakes Blvd., Suite 350
West Palm Beach, Florida 33401
Telephone: (561) 478-2500
Facsimile: (561) 478-3111
Email: yhewling@rosenthallevy.com

s/ Yolando A. Hewling, Esq.
YOLANDO A. HEWLING, ESQ.
Florida Bar No.: 593818

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing document with the Clerk of the United States District Court, Southern District of Florida, this 27th day of April, 2009, by using the CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/ Yolando A. Hewling, Esq.
YOLANDO A. HEWLING, ESQ.
Florida Bar No.: 593818

## SERVICE LIST

**Francisco Marques, Plaintiff vs.
Restaurant Management Concepts Inc. d/b/a Carlucci's,
Restaurant Entertainment Concepts Inc.,
Riga Restaurant Concepts L.L.C. and Rosario Troia,
Defendants.**

Case No.: 08-62033-CIV-MARTINEZ-BROWN


Restaurant Management Concepts Inc. d/b/a Carlucci's
BY SERVICE UPON:  REGISTERED AGENT
Audrey Troia
8753 Wellington View Drive
West Palm Beach, FL 33411

Restaurant Entertainment Concepts Inc.
BY SERVICE UPON:  REGISTERED AGENT
Audrey Troia
8753 Wellington View Drive
West Palm Beach, FL 33411

Riga Restaurant Concepts L.L.C.
BY SERVICE UPON:  REGISTERED AGENT
Audrey Troia
8753 Wellington View Drive
West Palm Beach, FL 33411

Rosario Troia, individually
8753 Wellington View Drive
West Palm Beach, FL 33411